UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BADGER DAYLIGHTING CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02106-SEB-MJD |
| ) | |
| GARY PALMER, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO TRANSFER**

This matter is before the Court on Defendant's *Motion to Transfer Case Under 28 U.S.C. Section 1404(a) to the United States District Court for the Northern District of Georgia, Atlanta Division.* [Dkt. 27]. For the reasons set forth below, the Court **DENIES** Defendant's *Motion to Transfer*.

**I. Background**

Plaintiff Badger Daylighting Corp. ("Badger") filed suit against Defendant Gary Palmer for alleged violations of a non-compete agreement and various tort and equitable theories. [Dkt. 28 at 1]. Pursuant to Defendant's employment with Badger, Defendant executed a Confidentiality and Non-Competition Agreement (the "Agreement"). [Dkt. 35 at 1]. The Agreement includes a forum-selection clause stating, "This Agreement shall be governed by and construed in accordance with the laws of the State of Indiana and any disputes arising hereunder shall be brought and heard in the state or federal courts sitting in Marion County, Indiana." [Dkt. 35-1 at 4].

1

Badger filed suit in the Marion Superior Court on May 24, 2019. [Dkt. 1 at 1]. Defendant filed a *Notice of Removal,* removing the case from the Marion Superior Court to this Court on May 28, 2019. [Dkt. 1 at 1]. Defendant now requests this Court transfer venue to the Northern District of Georgia. [*See* Dkt. 28 at 1].

## II. Legal Standard

As provided by 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In determining the motion, the Court balances three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Yummy Yogurt Indy, LLC et al. Orange Leaf Licensing, et al.,* 2015 WL 1243732, 2-3 (S.D. Ind. 2015). "The calculus changes, however, when a party seeks to invoke or oppose a valid forum-selection clause." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex., et al,* 571 U.S. 49, 63 (2013). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine,* 571 U.S. at 64. "As a consequence, a district court may consider arguments about public-interest factors only." *Id.*

## III. Discussion

Defendant asks the Court to grant transfer of this case to the Northern District of Georgia. [Dkt. 28 at 1]. Defendant argues that the Supreme Court precedent set forth in *Atlantic Marine* does not apply to this transfer motion. [Dkt. 41 at 1]. Defendant reaches this conclusion by claiming *Atlantic Marine* "does not apply to permissive forum selection clauses" and that the forum selection clause at issue "is permissive." [Dkt. 41 at 1-3]. Defendant then makes the

argument that, even if *Atlantic Marine* were to apply, the applicable factors weigh in favor of transfer. [Dkt. 41 at 6]. These factors include the Southern District of Indiana's docket congestion, the "local interest" favoring transfer, and the "forum that is at home with the law" would favor transfer. [Dkt. 41 at 7-9].

### A. *Atlantic Marine* **Applies to the Transfer Motion**

The Defendant makes the argument that *Atlantic Marine* does not apply to the forum-selection clause at issue. [Dkt. 41 at 1]. In *Atlantic Marine,* a Virginia and Texas corporation entered into an agreement which included a forum-selection clause indicating all disputes between the parties be litigated in Virginia. *Atl. Marine,* 571 U.S. at 53-54. However, when a dispute arose, the Texas corporation filed suit in Texas, not in the designated forum. The Supreme Court held that when parties enter into a valid forum-selection clause the appropriate venue is the agreed upon forum, unless some overwhelming public-interest exists dictating against that forum. *Id.* at 66.

Defendant cites cases which interpret *Atlantic Marine* to be an applicable framework only with regard to mandatory, but not permissive, forum-selection clauses. [Dkt. 41 at 2]; *see GDG Acquisitions, LLC v. Got't of Belize,* 749 F.3d 1024, 1029-30 (11th Cir. 2014). Although *Atlantic Marine* does not expressly make this distinction, the language "when a plaintiff agrees by contract to bring suit *only* in a specified forum" has led courts to interpret *Atlantic Marine* to apply only to mandatory forum-selection clauses. *Atl. Marine,* 571 U.S. at 63 (emphasis added).

However, contrary to Defendant's assertions, the Agreement between Defendant and Badger designates a mandatory forum for which disputes shall be litigated. The language of the agreement is as follows:

> 7. <u>Governing Law and Venue.</u>    This Agreement shall be governed by and construed in accordance with the laws of the State of Indiana and *any disputes*

3

> *arising hereunder **shall be brought and heard** in the state or federal courts sitting in Marion County, Indiana.*

[Dkt. 35-1 at 4] (emphasis added).

Defendant points to the opinion in *Heckler & Koch* where the forum-selection clause reads, "the Southern District shall retain jurisdiction to enforce this Agreement." *Heckler & Koch, Inc., v. German Sport Guns GmbH*, 71 F. Supp. 3d 866, 899 (S.D. Ind. 2014). In the *Heckler & Koch* opinion, the court placed emphasis on the language "retain" in the forum-selection clause. *Id.* at 900. The court found that the language "Southern District shall *retain* jurisdiction . . . grants jurisdiction to this Court, but in a non-exclusive fashion." *Id.*

Conversely, the language in the disputed Agreement states that "any disputes . . . shall be brought and heard," provides for an exclusive forum in which the dispute can be litigated. The Defendant argues the forum-selection clause needs words like "exclusive," "only," or "solely" in order to be an effective mandatory provision. [Dkt. 41 at 4]. However, this argument falls flat when looking to the language of the disputed agreement in the *Atlantic Marine* case. The forum-selection clause in *Atlantic Marine* states that disputes between the parties "shall be litigated in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division." *Atl. Marine,* 571 U.S. at 53. The Supreme Court found this forum-selection clause to be valid and enforceable even without words like "exclusive," "only," or "solely."

This Court is unable to find any noteworthy differences between the language in Defendant and Badger's forum selection clause, and the language of the forum selection clause at issue in *Atlantic Marine*. Counsel for the Defendant is cautioned to be mindful in the future, as this argument borders on being patently frivolous and comes dangerously close to violating Federal Rule of Civil Procedure Rule 11(b)(2). Thus, this Court concludes that the forum-

selection clause in the Agreement is **valid, enforceable, and designates a mandatory forum** for disputes to be brought and heard.

### B. The *Atlantic Marine* Framework Does Not Support Transfer

Under 28 U.S.C. § 1404(a), the district court may transfer civil actions to another appropriate district or division; however, "[t]he calculus changes [] when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine,* 571 U.S. at 63. The Supreme Court articulates that "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 62. For this reason, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* "As a consequence, a district court may consider arguments about public-interest factors only . . . . Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id. Atlantic Marine* changes the §1404(a) standard when a valid forum-selection clause exists. No longer does the Court weigh the convenience of the parties or the convenience of the witnesses; instead, the court focuses solely on the public-interests to determine if a case should not be heard in the forum to which parties agreed. *Id.* at 62-64. While the Supreme Court recognizes "it is 'conceivable in a particular case' that a district court 'would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause,' such cases would not be common." *Id.* at 64 (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30-31 (1988)). The Supreme Court draws a hard line when it comes to forum-selection clauses because the selected forum may have played a part in the parties' negotiations, and "may have affected how they set monetary and other contractual terms" or could "have been a critical factor in their agreement to

do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.* at 66.

This Court weighs the following public-interest factors, (1) "the court's familiarity with the applicable law," (2) "the speed at which the case will proceed to trial," and (3) "the desirability of resolving disputes in the region in which they arose." *First Nat'l Bank v. El Camino Res., Ltd.,* 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006). Because the Supreme Court has clearly stated that arguments about public interest are the only arguments to be considered in valid forum-selection clause cases, it is the **only** argument this Court will consider.

In assessing the three public-interest factors, there is no evidence that "overwhelmingly disfavor[s]" holding the parties to the agreed forum. *Atl. Marine,* 571 U.S. at 67. The Defendant argues factors of "docket congestion," "local interest," and a "forum that is at home with the law" should persuade the Court to transfer the case to the Northern District of Georgia. [Dkt. 41 at 7-10]. The first public-interest factor being the court's familiarity with applicable law, which the Defendant has labeled the "forum that is at home with the law," is typically a non-issue in federal courts. As set forth in *Atlantic Marine,* "federal judges routinely apply the law of a State other than the State in which they sit." *Id.* The district judge in this case has many years of experience and is fully capable of applying Georgia law if appropriate. For this reason, the Court finds no persuasive argument as to the Southern District of Indiana being unable to apply Georgia law as appropriate and therefore no overwhelming public-interest in the matter.

The second factor this Court weighs in assessing the public-interest in transferring the case from the designated forum is the efficiency with which the court may resolve the matter, as the Defendant argues that "docket congestion" mandates transfer. The Defense appropriately

6

depicts the high case-load experienced in the Southern District of Indiana.[1] As of December 31, 2018, the Southern District of Indiana was the second busiest district court in the United States, with weighted filings per judge at 991, nearly twice the national average. The Northern District of Georgia ranked fifteenth with weighted filings per judge at 635. While the Northern District of Georgia disposes of all civil cases slightly faster than the Southern District of Indiana, 6.5 months compared to 8.2 months respectively, the Southern District of Indiana moves cases along to trial at a faster pace than the Northern District of Georgia. The average time from the filing of a civil case to trial in the Southern District of Indiana was 25.9 months, whereas the Northern District of Georgia was 27 months. Based on the statistics, this case might be disposed of in a slightly shorter timeframe in the Northern District of Georgia. However, if the case proceeds to trial, it might be tried more quickly in the Southern District of Indiana. Even as the second busiest district on a per judge basis in the United States, the Southern District of Indiana maintains an efficient system. As for the Court's efficiency when it comes to this particular case, Defendant's *Motion to Transfer* has been fully briefed and ruled upon within twenty-three days of the removal of the case to this Court. All of these factors considered, the public-interest in court efficiency does not weigh in favor of transfer.

The third and final factor this Court weighs is the desirability of resolving the conflict where it arose, which the Defendant contends is in Georgia. While Georgia has a vested interest in resolving a conflict that occurred within its borders, Indiana has an equally vested interest ensuring its corporations are protected. *See First Nat'l Bank,* 447 F. Supp. 2d at 914. Badger

---

[1] The case load statistics referenced in this order are available at https://www.uscourts.gov/sites/default/files/fcms_na_distprofile1231.2018.pdf.

has its principal place of business in Brownsburg, Indiana. [Dkt. 24 at 2]. Because both states have an interest in the dispute, the factor "weighs neither for nor against transfer." *Id.*

After assessing all three factors of public-interest for transferring the case out of the Southern District of Indiana to the Northern District of Georgia, the Court finds no interest weighing in favor of transfer. Therefore, the public-interest comes nowhere near the standard of "overwhelmingly" favoring transfer. As stated in *Atlantic Marine,* "[b]ecause [these public-interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine,* 571 U.S. at 64. The employment dispute and Non-Compete Agreement between Defendant and Badger do not constitute an "unusual case." *Id.*

As outlined by the Supreme Court in *Atlantic Marine*, because the dispute involves a valid forum-selection clause, only the public-interest factors are to be considered. There is no public-interest overwhelmingly in favor of transferring the case from the Southern District of Indiana to the Northern District of Georgia. Therefore, because both parties waived the right to challenge the preselected forum as inconvenient for themselves or their witnesses, or in pursuit of the litigation, and because public-interest factors rarely defeat forum-selection clauses, **the case should be heard in the Southern District of Indiana** – as designated by the forum-selection clause.

## IV. Conclusion

Based on the foregoing, the Court **DENIES** Defendant's *Motion to Transfer Case Under 28 U.S.C. Section 1404(a) to the United States District Court for the Northern District of Georgia, Atlanta Division* for failing to allege an overwhelming public-interest for transfer. The

8

Supreme Court has set a clear precedent when it comes to forum-selection clauses, and that precedent strongly favors the previously agreed upon forum.

Badger requested this Court grant reasonable attorneys' fees; however, it failed to cite any basis for an entitlement to such fees. If such entitlement exists, Badger may file a motion for such fees within **fourteen days of the date of this order.**

SO ORDERED.

Dated: 20 JUN 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Adam Arceneaux
ICE MILLER LLP (Indianapolis)
adam.arceneaux@icemiller.com

Gordon M. Berger
FISHERBROYLES, LLP
945 East Paces Ferry Road NE, Suite 2000
Atlanta, GA 30326

Barry Goheen
FISHERBROYLES, LLP
barry.goheen@fisherbroyles.com

Jamila S. Mensah
NORTON ROSE FULBRIGHT US LLP
jamila.mensah@nortonrosefulbright.com

Hannesson Ignatius Murphy
BARNES & THORNBURG, LLP (Indianapolis)
hmurphy@btlaw.com

Alexandria Hanauer Pittman
ICE MILLER LLP (Indianapolis)
alex.pittman@icemiller.com